UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE P. WHITE,

                     Plaintiff,

v.

MARIGRACE MILLER,

                     Defendant.

No. 19-CV-668 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

    Plaintiff, proceeding pro se, initiated this Action by filing a Complaint on January 23, 2019. (*See* Compl. (Dkt. No. 2).) Plaintiff was granted in forma pauperis ("IFP") status on January 25, 2019, which entitled Plaintiff to complete service on Defendant through the United States Marshals (the "Marshals"). (Dkt. No. 3.) The Order of Service was issued on March 15, 2019. (*See* Order of Service (Dkt. No. 9).) On June 19, 2019, the Marshals noted on the record that they were unable to execute service on the sole Defendant in this Action, Marigrace Miller, because she was not employed at the address provided by Plaintiff. (*See* Dkt. No. 15.) Plaintiff did not provide any other contact or identifying information for Defendant. (*See* Compl.; Am. Compl. (Dkt. No. 7).) The Court then issued an Order to Show Cause on November 4, 2019, directing Plaintiff to provide accurate contact information for Defendant within 30 days so that the Marshals may complete service or risk dismissal of her case. (*See* Order to Show Cause (Dkt. No. 16).) The Order to Show Cause was mailed to Plaintiff n November 5, 2019, (*see* Dkt. (minute entry for Nov. 5, 2019)), but Plaintiff has not responded.

    This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be

involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is "a harsh remedy to be utilized only in extreme situations." *LeSane*, 239 F.3d at 209 (internal quotation marks omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (italics omitted) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008) (italics omitted).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations omitted) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive.

2

*See LeSane*, 239 F.3d at 210 (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)); *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissing this Action. Plaintiff initiated this Action on January 23, 2019, against Defendant, alleging that Defendant, purportedly an employee at the Office of Children and Family Services ("OCFS"), "coerced" a "false accusation" that Plaintiff had engaged in sexual abuse and neglect of her daughter and "teas[ed]" Plaintiff about a Christmas card and picture. (*See* Compl. 5.) In an Amended Complaint, filed on February 26, 2019, Plaintiff added to her list of allegations, complaining of other acts facilitated by Defendant that allegedly led to the termination of her parental rights. (*See* Am. Compl. 5–10.)[1] The Marshals indicated that service was ineffective on Defendant on June 19, 2019. (Dkt. No. 15.) After more than four months of inaction, the Court spurred Plaintiff to provide accurate contact information so that the Marshals may serve Defendant. (*See* Order to Show Cause.) Further, Plaintiff was warned that, generally, service of the summons and Complaint was to be completed within 90 days of the date the summons issues and that it is Plaintiff's responsibility to request additional time for service, which Plaintiff did not do. (*See* Order of Service (Dkt. No. 9).) Here, the summons was issued on March 18, 2019, over 9 months ago. (*See* Dkt. (entry for Mar. 18, 2019).) Plaintiff has demonstrated that she is able to communicate with the Court, as she has sent multiple letters, including a premature request for subpoenas, (Dkt. No. 5), a letter requesting the appointment of pro bono counsel, (Dkt. No. 6), and a request for an extension of time to submit more "time to file the motion, memorandum," even though there was no motion pending and service had not been completed upon Defendant,

---

[1] The Court cites to the ECF page number stamped on the upper right-hand corners of each page of the Amended Complaint.

3

(Dkt. No. 13). However, it has now been nearly 2 months since the Court issued its Order to Show Cause explaining that service upon Defendant was necessary to continue the Action, and Plaintiff has not provided new contact information or otherwise communicated with the Court. Nearly a year has passed since Plaintiff initiated the Action, and Defendant has still not been located or served. The exhaustion of Court resources caused by the need to respond to Plaintiff's numerous, untimely submissions, filed without satisfying the requisite element of service upon Defendant, also justify dismissal of this case. *See Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013) ("Because [plaintiff] has made no effort to prosecute this action, it would be unfair to the numerous other litigants who await the attention of this Court to permit her suit to remain on the docket."); *Davison v. Grillo*, No. 05-CV-4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) (finding that dismissal was appropriate in part because plaintiff's failure to timely comply with court orders and prosecute the case wasted both the defendants' and the court's resources).

Additionally, a dismissal without prejudice appropriately takes into account the efficacy of lesser sanctions. *See Waters v. Camacho*, 288 F.R.D. 70, 71–72 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions.").

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Ramsaran v. Abraham*, No. 15-CV-10182, 2017 WL 6542499, at *4 (S.D.N.Y. Dec. 21, 2017) (dismissing certain claims for failure to prosecute when the plaintiff did not comply with a court order); *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (dismissing case and noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case") (italics omitted); *Brown v. N.Y. Univ.*, No.

4

12-CV-1639, 2013 WL 433539, at *1 (S.D.N.Y. Feb. 1, 2013) (holding that Rule 41(b) "authorizes a district court to dismiss an action for failure to prosecute" where the plaintiff does not serve the defendant, file proof of service, or demonstrate good cause for failure to serve); *Smith v. N.Y.C. Police Dep't*, No. 06-CV-15436, 2008 WL 4449333, at *2 (S.D.N.Y. Oct. 2, 2008) (dismissing action for failure to prosecute when the plaintiff "neither effected service of the summons and amended complaint on [the] defendants . . . within the period for effecting service provided by Rule 4(m), nor within the additional period provided by [a court] [o]rder").

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, and close this case.

SO ORDERED.

DATED: January 6, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE